## TOWN OF BRANFORD v. BROADSTREET

Circuit Court, Suwanee County, Criminal Appeal.

May 12, 1960.

J. B. Hodges, Lake City, for appellant.

John E. Norris, Mayo, for appellee.

R. H. ROWE, Circuit Judge.

The defendant being arraigned in the municipal court or mayor's court of the town of Branford on September 7, 1959, on the *"Charge:* disorderly conduct" entered a plea of "not guilty," and after hearing the evidence, the court found him guilty of the charge and ordered and adjudged that he "be fined $25." No affidavit containing the charge was filed.

On the same day, September 7, 1959, the defendant appealed to the circuit court of Suwannee County from said judgment and sentence, and a cash bond of $25 was given by defendant and approved by the judge of said court, A. L. Purcell. The notice of appeal was dated September 8, 1959.

The appeal challenges the propriety of "conducting the trial by the mayor when no affidavit or warrant had been made or issued," and also, "the entry of the judgment of conviction and sentence upon the purported charge of 'disorderly conduct' ".

Counsel for appellee, the town of Branford, filed motion to dismiss the appeal, because counsel for appellant did not file his brief until thirty-seven days after the filing of the transcript in the appellate court, whereas the rule requires that such brief be filed within thirty days after the filing of the transcript under rule 6.11 b, Florida Appellate Rules, however, rule 3.7 a, mentions forty days and rule 6.2 gives the defendant ninety days to file notice of appeal. After argument of this motion, the court came to the conclusion that no damage or harm had resulted by reason of the failure to file the brief for appellant until the expiration of thirty-seven days as stated, and said motion is overruled.

Referring to the charge "disorderly conduct," the court is of the opinion that this is invalid and charges no offense, and that the sentence and judgment should be set aside for that reason. Counsel for appellee, in his brief, says that—"The prosecution is under section 11 of ordinance 115 of the town of Branford which is set forth as follows—

'That it shall be unlawful for any person or persons to fight, or incite others to fight, or to disturb the peace by quarreling and cursing, or to behave in any unseemly and disorderly manner within the corporate limits of the Town of Branford' ".

Under this ordinance, a charge should set forth facts so that a defendant may be apprised as to what his conduct is that the town maintains is unseemly and done in a manner that is disorderly. A charge of disorderly conduct without specifications is merely a conclusion. In the case of City of St. Petersburg v. Allen, 3 Florida Supplement 153, appealed from the municipal court of St. Petersburg to the circuit court of Pinellas County, Judge Wehle held that an affidavit charging that—

"On the 29th day of October, A.D. 1952, in the City aforesaid, one Charles H. Allen, did unlawfully commit disorderly conduct contrary to Chapter 22, Section 26, revised ordinances of the City of St. Petersburg 1946 in such case made and provided, and against the peace and dignity of the City of St. Petersburg, Florida"

did not allege an offense, no facts being alleged to show disorderly conduct, and ordered that the appellant be discharged.

In the case of People v. Keeper of State Reformatory for Women, 68 N.E. Rep. 884, at page 885, second column, it is said—

"In the abstract there is no such offense as 'disorderly conduct', but by Section 1458 of the consolidation act (Laws 1882, p. 366, c. 410), which seems to be incorporated into the charter of the Greater New York City, 'Every person in said city and county shall be deemed guilty of disorderly conduct that tends to a breach of the peace, who shall in any thoroughfare or public place in said city and county commit any of the following offenses, that is to say, every common prostitute or night walker loitering or being in any thoroughfare or public place for the purpose of prostitution or solicitation, to the annoyance of the inhabitants or passersby'; and by section 675 of the Penal Code 'any person who shall, by any offensive or disorderly act or language, annoy or interfere with any person or persons in any place * * * shall be deemed guilty of a mis-

demeanor'. The most cursory comparison of the language of these statutes with the verbiage of the magistrate's record herein will disclose the essential insufficiency of the latter in the very particulars which go to make up the statutory offense of disorderly conduct. Taken as a whole, this record gave the magistrate no jurisdiction to render the judgment which is here the subject of inquiry". — In this case one Mary Clark, upon habeas corpus proceedings was released from custody in the lower court. An appeal was taken on behalf of the people, and the judgment of the lower court was affirmed.

So, in the last case cited above, it was held that merely to charge a person with disorderly conduct is not sufficient—the charge must specify what was done which constituted disorderly conduct.

The charge against the appellant, Broadstreet, was disorderly conduct, without stating anything to show in what respect he was disorderly. The charge is invalid and states no offense.

The judgment and sentence are reversed and set aside, and the cause is remanded to the municipal court within the time provided by the laws of Florida in such cases made and provided, for such further proceedings as may be appropriate.